UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALAN LEITNER,
        Plaintiff,

v.                                                                                 Case No. 06-C-1227

MATTHEW FRANK, et al.,
        Defendants.

**MEMORANDUM AND ORDER**

        Plaintiff Leitner, who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff is currently incarcerated at Oshkosh Correctional.

        Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner plaintiff is required to pay the statutory filing fee of $350.00 for a federal lawsuit. If a prisoner does not have the money to pay the filing fee up front, he or she can request leave to proceed *in forma pauperis* in order to pay the fee over time. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of twenty percent of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. He also filed the required affidavit of indigence. Further, he has been assessed and has paid an initial partial filing fee. Upon review of the trust account statement and affidavit, I am satisfied that plaintiff is unable to pay the statutory filing fee in this case. Leave to proceed *in forma pauperis* therefore will be granted.

Next, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the

2

Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Plaintiff alleges deliberate indifference on the part of Matthew Frank, Secretary of the Wisconsin Department of Corrections (incorrectly identified as "Frank J. Matthew); Judy Smith, Warden of Oshkosh Correctional Institution (OSCI); and Tom Edwords, Director of Health Services at OSCI. He has sued them individually and in their official capacities and seeks damages and injunctive relief. The basis of his claim is an infected toenail. He alleges that the prison doctor, who is not named as a defendant, prescribed a penicillin-like drug called Bactrim, even though he is allergic to penicillin. When he took the medication, he suffered a rash and had some difficulty breathing. When he told the nurse about his reaction, he was told to continue taking the medication until he saw the doctor.

Plaintiff's claim does not appear particularly strong. The grievance correspondence plaintiff has attached to the complaint indicates that Bactrim is not penicillin, and thus the fact that he had a known penicillin allergy does not mean any defendants were deliberately indifferent to his medical needs. He had an infection, and was prescribed an antibiotic. The fact that it did not work does not give rise to deliberate indifference. In addition, the complaint names only supervisory staff, not anyone who actually administered his treatment. Section 1983 does not provide liability under these circumstances unless the state actor possessed the mental state of deliberate indifference, which means a conscious decision to ignore a substantial risk to the prisoner's health.[2] *Boyce v. Moore*, 314 F.3d 884, 888 (7th Cir. 2002) ("[A] supervisor cannot be held liable in a § 1983 action unless

---

[2]It is also questionable whether plaintiff exhausted his state remedies. His grievances relate only to the claim that he was allergic to Bactrim – they do not go to the general issue of the adequacy of his medical care.

3

the individual was personally involved in the wrongful conduct such that he or she caused or participated in the alleged violation.").

Despite these concerns, the claim will be allowed to go forward. I cannot reject the allegations of the complaint on the basis of the prison's response to plaintiff's grievance. And while the complaint does not allege any direct involvement by the defendants, it suggests that the failure to provide plaintiff adequate care is the result of a general indifference on the part of the defendants toward their obligation to provide a properly equipped and skilled medical staff for the care and treatment of inmates. Liberally construed, the complaint alleges a custom or policy on the part of the institution for which supervisory personnel may bear responsibility. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993) (rejecting heightened pleading standard for claims alleging custom or policy liability under § 1983). Finally, the complaint also alleges that plaintiff's problem is ongoing and that injunctive relief is needed to alleviate it. Supervisory personnel are appropriate defendants when the relief sought is injunctive.[3] *See, e.g., Feit v. Ward*, 886 F.2d 848, 858 (7th Cir.1989) (proper defendants for purposes of injunctive relief were supervisory officials of government agency).

**THEREFORE, IT IS ORDERED** that plaintiff's request to proceed *in forma pauperis* is granted.

**IT IS ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the balance of the filing fee by

---

[3]Since the filing of the complaint, plaintiff has also filed a letter in which he states he is being ignored while his toe is festering and his lower leg is now in constant pain. Although he has still not named any particular defendant responsible for his care, his complaints of getting the run-around and his request for injunctive relief provide further support for his claim against supervisory staff. Plaintiff also requests that I order his medical records produced, but that is premature.

4

collecting monthly payments from the plaintiff's prison trust account in an amount equal to twenty percent of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon the defendant pursuant to Fed. R. Civ. P. 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting to make such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8.00 per item. The full fee schedule is provided in 28 C.F.R. § 0.114(a)(2), (a)(3). Even though Congress requires the court to order service by the U.S. Marshals Service when an impoverished person is permitted to proceed *in forma pauperis*, Congress has not provided for these fees to be waived, either by the court or the U.S. Marshals Service.

**IT IS ORDERED** that the defendants shall file a responsive pleading to the plaintiff's complaint.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that, from now on, he is required, under Fed. R. Civ. P. 5(a), to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any

5

documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the clerk of court's office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Nothing in this order or in § 1915A precludes a defendant from moving to dismiss any claim identified in this order or potentially existing in the complaint if the defendant disagrees with my analysis or believes I have overlooked something during my screening.

Dated this   26th   day of December, 2006.

    s/ William C. Griesbach
William C. Griesbach
United States District Judge